## Kennedy *against* Skeer.

A deed cannot be given in evidence until some interest is shown to have existed in the grantor.

The plaintiff in ejectment must recover on the strength of his own title; and where an outstanding title, better than his own, is shown, he must fail to recover.

When the defendant claims under one to whom the plaintiff had assigned his interest in a treasurer's deed for the same land, the plaintiff will not be estopped from claiming under a better title subsequently acquired.

WRIT of error to the common pleas of *Butler* county.

This was an action of ejectment brought in the court below by Nathan Skeer against James Kennedy, to recover the possession of one hundred acres of land lying in Butler county.

The plaintiff, in order to support his claim, produced David Dougal as a witness, who testified that the land in question was originally settled by Michael Carrigan; that the one hundred acres in question, as designated on a draft produced and shown to the witness, were surveyed for Carrigan, as his proportion of the whole tract, which consisted of four hundred acres, for making the settlement on it.   That he lived and resided on it as long as he continued in the country.   The plaintiff then read in evidence a deed of conveyance from William Campbell, treasurer of Butler county, to himself for the land, dated the 15th of August 1814; an assignment of the same, indorsed on the back thereof, from him to Norbert Foltz, bearing date the 21st of December 1814, and also a second assignment of the same, indorsed in like manner, from Foltz to John Negly, bearing date the 9th of March 1815, when it was admitted that Kennedy, the defendant, purchased the land from Negly, and derived his claim to it from him.   The plaintiff, after this, next of-

fered to read in evidence a deed of conveyance for the land in controversy, from Norbert Foltz to Charles Von Bonhurst, bearing date the 7th of August 1810, to which the defendant's counsel objected; but the court overruled the objection, and the defendant excepted. The plaintiff then further read in evidence a deed of conveyance for the land in dispute from Charles Von Bonhurst to himself, bearing date the 3d of July 1822, and closed his evidence in chief.

The defendant then gave evidence of the value of the improvements made by him on the land upon the faith of his claim under the treasurer's deed of conveyance; after which the plaintiff offered to read in evidence a letter from John Negly to Charles Von Bonhurst, bearing date the 22d of March 1815. This was objected to by the defendant's counsel; the court however overruled the objection, and the defendant excepted. The plaintiff in the next place offered to prove by Norbert Foltz that Negly knew, when he purchased the commissioner's or treasurer's title, that a conveyance had been made to Von Bonhurst; that Von Bonhurst was to have paid him 150 dollars for the conveyance, of which he had only paid 76 dollars; that he, the witness, gave Negly his right to receive the balance from Von Bonhurst; that Von Bonhurst offered to reconvey the land whenever witness would repay the 76 dollars advanced; that this was the first understanding between them, and that Von Bonhurst had tendered him a reconveyance; that Skeer likewise knew the facts attending the sale to Von Bonhurst at the time he transferred the treasurer's deed to Foltz; that he thought he had told Skeer he was to get the conveyance from Von Bonhurst on the payment of the 76 dollars. To which the defendant, by his counsel, objected; but the court overruled the objection, and the counsel for the defendant excepted to the opinion of the court, and the testimony of Foltz was accordingly given, which closed the evidence on both sides. The court was then requested by the counsel for the defendant to charge the jury in his favour upon two propositions submitted; but the court instructed the jury on both against the defendant.

*S. A. Gilmore* and *Fetterman*, for plaintiff in error.

Carrigan had an outstanding title. This was shown by the plaintiff himself: and the defendant could not be estopped from controverting the title from Foltz to Von Bonhurst, in whose name the taxes should have been assessed in 1814. Foltz had a right to sell again. The testimony of Foltz was in chief, and could not be considered rebutting evidence, although given after the defendant had closed his testimony. The plaintiff must recover upon the strength of his own title. But here, by his own showing, Michael Carrigan had a better title, which, we contend, enured to the benefit of Kennedy, to whom Negly assigned. 12 *Johns. Rep.* 201.

*Ayres*, for the defendant in error.

[Kennedy v. Skeer.]

Both parties claim under Foltz; and the question is, who has the better title under him? It is not a contest about original title. The commissioners had jurisdiction to sell the land on account of the non payment of taxes. The purchaser's title at commissioner's sale was good, no matter who claimed. The plaintiff below was the purchaser. He bought it in, and sold it to Foltz to enable the latter to make good his title to Von Bonhurst, for whom he held it in trust. When Negly bought, he had notice from Foltz himself of Von Bonhurst's purchase.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned is, that the court below were wrong in admitting the deed mentioned in the first bill of exceptions to be read in evidence. This was a deed of conveyance for the land in question, from Norbert Foltz to Charles Von Bonhurst. The objection to its being read in evidence to the jury was, that it was not shown and did not appear, that Norbert Foltz had any right or interest whatever, either in law or in equity, to the land when he made the deed of conveyance, and that it was, therefore, inoperative and inadmissible. It appears to me that this objection was well founded. In Peters et al. *v.* Condron, 2 *Serg. & Rawle* 84, it was held that a deed was not evidence unless it was first shown that the grantor possessed some interest, either in law or equity, in the matter in controversy; and this has been considered the settled rule on this subject ever since. Hook *v.* Long, 10 *Serg. & Rawle* 1.

The second assignment of error is, that the court improperly admitted the letter, mentioned in the second bill of exceptions, to be read in evidence. As this letter, or the contents of it, are not placed upon the record, or on our paper books, we cannot undertake to decide on its admissibility as evidence in this cause.

The third error is, that the court were wrong in their answer to the defendant's first point. The proposition contained in this point was, that as the plaintiff had shown that Michael Carrigan had the first title, and one that appeared to be paramount to every other, for the land in question, and had not given any evidence, even tending to show that he had acquired Carrigan's right to the land, he was not entitled to recover it. The court, however, seemed to think that this point had been decided against the defendant by this court, when this cause was before it on a former writ of error. In this I think there was a misapprehension on the part of the court below : for there is certainly no rule of law better established than that a plaintiff in an action of ejectment must recover entirely on the strength of his own title; and therefore if a better title than his be shown on the trial of the cause, either by himself or the defendant, he must fail in his suit. To this rule there are, to be sure, some exceptions; as in the case of a lessor, who brings an action of ejectment against his lessee, after the expiration of the term mentioned in the lease, the lessee will not be permitted to set up a better

III.——N

title and one adverse to that of his lessor, in a third person; although he may show that his lessor has transferred his right to another, and therefore is not entitled to recover. Neither will a defendant in a judgment, upon which land that he held by a bad title has been regularly taken in execution and sold, be permitted to show a *better title* in a third person to defeat the purchaser in an action of ejectment brought against him to recover the possession of it. But there is nothing shown in the present case to take it out of the operation of the rule mentioned. I therefore think there was error in the answer of the court to the defendant's first point.

The fourth and last error assigned is, that the court erred in their answer to the defendant's second point. The defendant, by his second point, wished the court to charge the jury, that as the plaintiff appeared to have conveyed the land to Norbert Foltz, under whom the defendant claimed with a full knowledge of all the facts, he could not avail himself of a title acquired afterwards, to take away the land from those holding it under the conveyance previously made by him. The court, however, thought, under the particular circumstances of this case, that the plaintiff was entitled to recover notwithstanding the deed of conveyance executed by him to Foltz.

· If there had been nothing in the way of the plaintiff's recovery but his deed of assignment transferring the interest he held in the land under the treasurer's deed, and it had, as is alleged, contained nothing more than a bare assignment of his interest, whatever it might be, whether any thing or nothing, for we cannot judge of it as it has not been shown to us, then the answer of the court, the treasurer's deed being admitted to be invalid, might have been right. But the plaintiff having shown an outstanding title in Carrigan, which was better than what he had shown in himself, the answer of the court to the defendant's second point must be considered erroneous also, for the same reason that their answer given to the defendant's first point is held to be so. If, however, the plaintiff had shown on the trial, as his counsel alleged in the argument was the fact, that Foltz had, before he conveyed the land to Von Bonhurst, purchased it from Carrigan, then the answer of the court would have been correct, provided the deed of assignment from the plaintiff to Foltz afterwards contained barely a transfer of his interest under the treasurer's deed, whatever it might be, whether bad or good. For the defendant could not claim more under the assignment by the plaintiff of the treasurer's deed, than was thereby actually granted and intended to be so: and if by the terms of it nothing more than the interest acquired by the treasurer's deed was intended to be conveyed or passed, the plaintiff would not be estopped from claiming the land under a better title subsequently acquired by him. I have thought it proper to notice the case under this aspect, as it may be that on the next trial the plaintiff may prove himself invested with Carrigan's title.

Judgment reversed, and *a venire de novo* awarded.