## Gray *against* Smith.

Where a testator orders his real estate to be sold, and the proceeds to be distributed amongst certain legatees, their interest being merely a *chose in action,* and not a right in the real estate, is not the subject of mortgage.  Such a mortgage would create no lien.

ERROR  to the common pleas of *Alleghany* county.

This was an action of debt on a bond, brought by William Smith and wife, formerly Fanny F. Wrenshall, against James Gray, the plaintiff in error.   John Wrenshall, by his will dated the 12th of October 1821, directed that a brick house belonging to him, situate at the corner of Market and Fourth streets, in the city of Pittsburgh, should be sold to the highest bidder at a price not less than 10,000 dollars, and that out of the proceeds the following sums of money should be paid to his children.   To Margaret L. Boggs 1000 dollars: to Mary B. Gibson 1000 dollars : to Julia Boggs 1000 dollars : to Fanny F. Wrenshall 2000 : to Emily Page 2000; and to Sarah Fielding 3000 dollars : and he appointed three executors.   By a deed dated the 29th of March 1822, Mary B. Gibson conveyed all her interest in the property to S. K. Page, the husband of Emily Page, one of the legatees; and he and his wife, on the 27th of May 1822, transferred all their interest in the property to Charles Avery, who, on the 31st of July 1822, reconveyed to Page.   On the 27th of October 1822 Fielding and wife conveyed all their interest to Page.

On the 11th of June 1823, Page gave to Fielding a mortgage of all his interest in the property to secure the sum of 2500 dollars. The mortgage was recorded on the 13th of the same month.

On the          of January 1824, Page and wife conveyed all their estate in said property to James Gray in consideration of 8000 dollars.

George Boggs, husband of Julia Boggs, on the 10th of January 1825 released all his interest in said property to S. K. Page.

On the 29th of January 1825 the following instruments were executed.   Release from Margaret S. Boggs to S. K. Page of all her interest in the property : release from Fanny F. Wrenshall, one of

III.——MM

the plaintiffs, to S. K. Page of all her interest: order by Page to the executors of John Wrenshall, to convey the property to the defendant, James Gray: warranty of the property by Page to Gray: deed from the executors of John Wrenshall to James Gray, transferring the property to him in fee: mortgage, James Gray to the executors of John Wrenshall, to secure purchase money: bond, James Gray to Fanny F. Wrenshall, in the penal sum of 4000 dollars, conditioned for the payment to her of 2000 dollars in two instalments of 1000 dollars each.

It was upon this bond the present suit was brought, and verdict and judgment were rendered for the plaintiffs below, William Smith and Fanny his wife, late Fanny F. Wrenshall.

James Gray being thus sued, an objection was made at the trial that the title transferred to him was subject to the incumbrance of the mortgage given to Fielding by Page, on the 11th of June 1823, after Page, in addition to his wife's interest, had acquired the interests of two of the other legatees, Mary B. Gibson and Fielding and wife, and that Gray was on this account entitled to a defalcation.

A statement was filed by the plaintiffs below, " for 1000 dollars payable on the 1st of April 1830, with interest from the 1st of April 1824, being the first instalment due on a bond executed by defendant in favour of Fanny F. Wrenshall, one of the plaintiffs, dated the 29th of January 1825, which said sum of 1000 dollars, with interest thereon, is due and owing to the plaintiffs."

The verdict of the jury was in favour of the plaintiff "for 4000 dollars, the penalty of the bond, with leave to take out execution for the first instalment, with interest thereon, and for the second instalment on the 11th day of April next. March 10th 1831." Judgment was entered upon the verdict.

The following errors were assigned, of which the fourth presented the main question. The first was relinquished in the argument.

1. There was error in filing a statement in this case.

2. If this be a case in which a statement is admissible, the statement is erroneous in not setting forth the bond, its amount, and assigning breaches.

3. The verdict is informal and erroneous, and also the judgment.

4. The court erred in charging the jury that the plaintiffs below were entitled to recover the whole amount of the demand.

*Colwell*, for plaintiff in error.

The statement calls for 1000 dollars, the amount of the first instalment, and verdict and judgment were rendered for both instalments, a greater sum than the plaintiffs claimed as being then due. But the chief question arises under the fourth error assigned. Had Page, the mortgagor, such a property as he could mortgage? By the devise the executors were directed to sell the property and distribute the proceeds in money amongst the legatees. Page bought out the legatees and sold to Gray. We contend then that Page had such an

[Gray v. Smith.]

interest as enabled him to subject the property to the lien of a mortgage.

*Fetterman,* for defendants in error.

The plea was that of payment. This was admitted. Then as to the fourth error assigned. The devise to the executors was, under the will, to be converted into money. Had Page then, by the purchase of legacies to the amount of 5000 dollars, acquired such an interest as enabled him to impose a lien on the real estate by mortgage? The mortgagor had not purchased the property. The bond here in suit was given on the 29th of January 1825 by Gray, in consideration of the obligee releasing, at the same time, her legacy. On the same day the executors gave a deed to Gray, and Gray gave a mortgage to the executors to secure the purchase money. If so, the estate afterwards acquired by Page would not enure to the use of his mortgagee. Page could not divest, by a mortgage, the interest of those legatees from whom he had not purchased. The interest of the plaintiff's wife was but a chose in action, and that could not be mortgaged. Allison *v.* Wilson's Executors, 13 *Serg. & Rawle* 330; Morrow *v.* Brenizer, 2 *Rawle* 188; Craig *v.* Leslie, 3 *Wheat.* 563; 10 *Mass.* 415.

The opinion of the Court was delivered by

SERGEANT, J.—According to the principles settled by this court in the cases of Allison *v.* Wilson's Executors, 13 *Serg. & Rawle* 330, and Morrow *v.* Brenizer, 2 *Rawle* 185, Page could not, by deed, mortgage, or incumbrance of any kind, transfer, or create a lien upon, the land directed by the will to be sold. Where a testator orders his lands to be sold, and the proceeds distributed among certain persons, no interest in the land passes to the legatees. They acquire under the will nothing more than a right to receive a sum of money out of the proceeds of sale; a mere chose in action; a claim strictly of a personal character. The land passes to the executors, under our acts of assembly, whether expressly devised to them, or only directed to be sold; and it passes to them that they may carry into effect the intention of the testator, by making a title and receiving and distributing the purchase money. It has been held in the cases referred to, that a judgment against such legatee, or a purchaser from him, is no lien on the land, nor can the land be seized and sold under an execution on such judgment. These decisions rule the present case. Page, when he made the mortgage of all his interest, had acquired the interest of only three of the legatees; but that interest did not consist of any right in the land, and he could not, by virtue of this acquisition, transfer or charge the land. It remained in the executors fully and completely, until divested by their deed to Gray of the 29th of January 1825, by which they conveyed it to him unaffected by any act of the legatees, or of Page. It follows that the mortgagee of Page acquired no lien by his mortgage.

Judgment affirmed.