# Meals *versus* Brandon.

Though in order to render a conveyance admissible in evidence, but slight evidence of title in the grantor is sufficient, yet *some* interest in him must be shown: therefore, where in a deed by N. to W. and wife, purporting to convey all lands in certain counties and all other lands wheresoever the same may be, but without a particular description of any of them, *it was recited* that they were those which were the same day conveyed to the said N. his heirs and assigns by the said W. and wife, *the deed to N. not, however, being produced* and no evidence of its existence being given, and W. having had title to the premises as heir, *independent of the deed*: *Held*, that without such deed or evidence of its existence, the deed by N. to W. and wife was not admissible against the plaintiff in an ejectment brought by the executor of the will of a *bona fide* purchaser at sheriff's sale, under a judgment against W. in his life-time, against one who claimed through a conveyance from the wife of W., who survived her husband: Without such deed or evidence, it did not appear that W. had been a party to it, and the title or interest of *a bona fide purchaser* is not to be affected by vague and uncertain evidence of another title.

ERROR to the Common Pleas of *Adams county.*

This was an action of. ejectment to August term 1849, by William Brandon, executor of the will of Templeton Brandon, deceased, against William Meals, Jr., to recover the possession of 13 acres 115 perches of unenclosed woodland in Huntington township, Adams county, in the possession of William Meals, Jr., the defendant below.

Brandon, the plaintiff below, after showing title out of the commonwealth in David Waltemeyer, claimed the land through Ludwig Waltemeyer, son of David, who died intestate, and on his death

[Meals v. Brandon.]

this land descended to his son Ludwig, who it was alleged had had adverse and continued possession thereof for more than twenty-one years before his death, which occurred in March 1838; and through a sheriff's deed of the property to plaintiff's testator, as the estate of said Ludwig, dated 27th August 1840, founded on an execution against Ludwig Waltemeyer's executors, upon a judgment obtained against him in his lifetime, and revived against his executors.

Meals, the defendant below, claimed title through Agnes Waltemeyer, the wife and survivor of Ludwig, alleging that whatever title Ludwig originally had to the land in dispute, the title had been changed as far back as the 4th June 1805, by a conveyance of the land by L. Waltemeyer and Agnes his wife to William Norris, and a reconveyance on the same day by Norris to Waltemeyer and wife, "their heirs and assigns for ever, and the survivor of them, and the heirs and assigns of such survivor;" and deduced his title directly from her, by conveyance after her husband's death; and that both husband and wife, on the 4th June 1805, were separately seized in fee of lands within the three counties of Adams, Cumberland, and Mifflin, were childless, and that the conveyance to Norris, recited in his deed to Waltemeyer and wife, and his reconveyance to them, were made with the intention of vesting title to the whole in the survivor.

On the 20th August 1850, the cause was tried before his Honor Judge BLACK.

The plaintiff gave in evidence an application of David Waltemeyer, dated 16th November 1785.

The plaintiff then gave in evidence warrant to David Waltemeyer, 60 acres, adjoining Thomas Brandon and William Moore, on the South Mountain, dated 30th November 1785.

Plaintiff then gave in evidence survey for 13 acres 115 perches, dated 9th May 1786.

Plaintiff then proved, by several witnesses who had known the land for a period of thirty or forty years, that Ludwig Waltemeyer, son of David Waltemeyer, had used and occupied this land as his own for a long series of years, and was in possession of it at the time of his death in 1838.

Ludwig Waltemeyer did not live on it, nor was it enclosed. It was all woodland, and adjoined his lower place.

The assessments for Huntington township, Adams county, (the township in which this land lies,) from 1814 to 1843, were given in evidence by the plaintiff. From these it appeared Ludwig Waltemeyer was charged with taxes on lands in that township, from 1814 to 1840 inclusive; the quantity of land with which he appears to have been assessed varying in different years from 180 to 350 acres. In none of them was this tract separately named or assessed; nor did it appear to have been assessed in the name of any other person.

T 2

[Meals *v.* Brandon.]

Plaintiff then gave in evidence a deed, dated 27th August 1840, from George W. McClellan, sheriff of Adams county, to Templeton Brandon, for lands in dispute, sold on a judgment of George Himes, for use of William Moore, as the property of Ludwig Waltemeyer, deceased—consideration $300.

Plaintiff then gave in evidence, will of Ludwig Waltemeyer, dated 20th January 1838, and proved 17th March 1838, in which he directs that the land in dispute be sold.

Proof of service of writ.

Meals, the defendant, claimed under Agnes Waltemeyer, wife and survivor of Ludwig Waltemeyer.

Defendant offered in evidence the following deed, dated 4th June 1805, from William Norris to Ludwig Waltemeyer and Agnes his wife, and to the survivor of them.

This indenture, made this 4th day of June 1805, between William Norris, of the borough of Carlisle, county of Cumberland, and State of Pennsylvania, of the one part, and Ludwick Waltermen, of Dickensen township, county and State aforesaid, and Agness his wife, on the other part, witnesseth:—That the said William Norris, for and in consideration of five shillings lawful money of Pennsylvania, to him in hand well and truly paid by the said Ludwick and Agness, at and before the ensealing and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released, assigned, and confirmed; and by these presents do grant, bargain, sell, alien, enfeoff, release, assign, and confirm unto the said Ludwick Waltermen and Agness his wife, and their heirs and assigns, all lands, tenements, and hereditaments situate in the counties of Adams, Cumberland, and Mifflin; and all other lands, tenements, and hereditaments, wheresoever the same may be or lay, together with all and singular the buildings, improvements, and appurtenances, and the remainders and reversions, rents, issues, and profits thereof, to have and to hold all the lands, tenements, and hereditaments, with the appurtenances, situate and described as aforesaid, (and which was this day conveyed to the said William Norris, his heirs and assigns, by the said Ludwick Waltermen and Agness his wife,) unto them the said Ludwick Waltermen and Agness his wife, and their heirs and assigns for ever, and the survivor of them, and the heirs and assigns of such survivor; to the only proper use, benefit, and behoof of the said Ludwick Waltermen and Agness his wife, and their heirs and assigns for ever, and the survivor of them, and the heirs and assigns of such survivor for ever.

Receipt as follows:—Received the day of the date of the foregoing indenture, from the within-mentioned Ludwick Waltermen, the full consideration therein stated.

WM. NORRIS.

[Meals *v.* Brandon.]

The deed was acknowledged on the 5th June 1805, by Wm. Norris, and recorded on June 6th, in *Cumberland* county only.

By the court.—This deed being offered, is objected to on the ground that there is no evidence before the court of title in Norris. The court, on examining the deed and considering the recital, is of opinion that it does not, of itself, import or imply that the land in dispute had been previously conveyed to Norris, or that it was intended to be conveyed by Norris to Waltemeyer and wife. There is nothing in the recital of the conveyance from Waltemeyer and wife that can be said to refer to this land. It is therefore rejected.

To this, defendant's counsel excepted.

It was assigned for error:

That the court erred in rejecting the deed from William Norris to Ludwig Waltemeyer and wife.

*Smyser* and *Reed*, in the argument submitted on the part of plaintiff in error, contended that the generality of the terms of description used in the deed and recital constituted no sufficient objection to the admission of this evidence; words of general description in a deed or mortgage, are sufficient to pass the grantor's title: 11 *Johns. Rep.* 365; 13 *id.* 537.

The court should have submitted to the jury to say whether the language used included the land or not: 5 *W. & Ser.* 78; 7 *Barr* 198; 6 *Ser. & R.* 185.

To show title in the grantor, any evidence of title, however small, is sufficient: 8 *Watts* 382; 7 *Barr* 237; 3 *id.* 239.

The recital in deed from Norris to Ludwig Waltemeyer and wife, and the survivor, &c., that the same land was conveyed by deed by Ludwig Waltemeyer and wife to Norris, is evidence of the fact, in this case, against the plaintiff, because he claims under Ludwig Waltemeyer, by title derived from him since the date of the deed from Norris. That deed is a part of his title, and he is bound by every recital in it: 4 *Bin.* 235; *id.* 328; 6 *Bin.* 417–18; 1 *Greenleaf's Ev.* sec. 23.

*Hepburn, Stevenson,* and *Biddle* were for defendant.—A deed from Ludwig Waltemeyer and wife to Wm. Norris, supposing it to describe accurately the land in dispute, would, by the act of Assembly of 18th March 1775, be void as against Brandon, a subsequent purchaser for a valuable consideration, unless recorded in *Adams* county within six months from its execution: *Dunlop's Digest,* edition 1849, 116–17.

And the effect of this statute could only be avoided by actual or constructive notice to him, neither of which would arise from recording such deed in another county. *A fortiori,* would the mere recital of a conveyance by Waltemeyer and wife to Norris of lands

[Meals *v.* Brandon.]

in Adams county, in a deed from the latter to the former, recorded in Cumberland county, be inoperative against Brandon, the subsequent purchaser for a valuable consideration. If, then, in strictness the court should have admitted the testimony, it is an error for which this court would not reverse, as it did no substantial injury to the party complaining: Unangst *v.* Kreamer, 8 *W & Ser.* 391; Gilpin *v.* Howell, 5 *Barr* 41.

The deed to Norris was not offered, and until some interest is shown to have existed in a grantor, a deed from him cannot be given in evidence: Faulkner *v.* Lesser and Eddy, 1 *Bin.* 188; Hoak *v.* Long, 10 *Ser. & R.* 9; Kennedy *v.* Skeer, 3 *Watts* 95.

The opinion of the court was delivered May 27, by

Bell, J.—Influenced by the statement of the plaintiff in error's paper-book, that Waltemeyer and wife had conveyed the tract in dispute to Norris, I sat down predisposed to discover, if possible, enough in the rejected deed to cover the subject of this controversy, or, at least, to warrant its reference to a jury, under the rules that generality and even looseness of description of the object of a conveyance form no objection to it as evidence, and that where there is latent ambiguity of description, creative of doubt in its application, the application is properly to be made by that portion of the tribunal to which the common law accords the determination of questions of fact. But I have looked into this deed in vain, for a phrase or sentence in chief or by way of recital, which by the most liberal construction, can be accepted as descriptive of, or as even remotely referring to the land here sought to be recovered. Had the defendant below produced the alleged deed from Waltemeyer and wife to Norris, conveying all the lands of the former, situate in the three counties named, in connection with proof that one tract then lay in one of those counties, the recital in the reconveyance might, and probably would be held as sufficiently descriptive by reference, and binding on Waltemeyer and his assigns as parties or privies to the conveyance. The statement of title would then stand thus : Waltemeyer and wife being seized of lands in the three counties, including the tract in question, conveyed them to Norris, who immediately reconveyed to Waltemeyer and wife all the lands in those counties, just before conveyed by them. But without the prior conveyance, and looking only to the proof given and offered, nothing can be extracted further than that Norris conveyed to Waltemeyer and wife all lands in Adams, Cumberland, and Mifflin which were just before conveyed to Norris by his grantees. Now, there is nothing here evidencing that Waltemeyer had before conveyed to Norris *all* the grantor's lands in those counties, and consequently, though we may conjecture, we cannot safely deduce as fact, that the subject of this controversy was so conveyed. Norris conveys all the land before conveyed to him,

[Meals *v.* Brandon.]

but it does not follow *this* land was so conveyed; *ergo*, there is nothing to show it passed under the last conveyance. I am aware of the rule that in order to the admissibility of a conveyance in proof, very slight evidence of title in the supposed grantor is sufficient; yet, some interest must be shown: Faulkner *v.* Eddy, 1 *Bin.* 118; Hoak *v.* Long, 10 *Ser. & R.* 9; Kennedy *v.* Skeer, 3 *Watts* 95. But here, there is absolutely no glimmer of title in Norris to the 13 acres and 115 perches. So that were the rejected deed admitted, it would avail the defendant below nothing, since it must instantly encounter, not only the insuperable objection just stated, but the reasonable principle that the title of a *bona fide* purchaser for value is not to be affected by vague and uncertain evidence: Boggs *v.* Varner, 6 *W. & Ser.* 469.

I have hitherto considered the question as though the recital relied on is binding on Waltemeyer and those claiming under them. The rule is that recitals are evidence against parties and privies to the conveyance or other instrument containing them. They are not binding on strangers. But to make Waltemeyer and, through him, the plaintiff below parties to the rejected deed, the supposed prior conveyance to Norris is absolutely necessary. Without this it is not apparent Waltemeyer had any connection with the latter conveyance, for it is in proof he was the owner of this land, independently of that deed. Surely, a third person could not compromise that ownership by recital in a pretended conveyance, which the true owner may have never seen. Had there been any evidence that he claimed under the Norris deed, as, for instance, causing it to be recorded, (Plumer *v.* Robinson, 6 *Ser. & R.* 185,) there would be reason for esteeming and treating him as a party to it. But as he neither executed it, nor, so far as appears, claimed under it, it is wholly inadmissible to say he was a party to it. Were such a proposition tenable, nothing would be easier than to defraud an owner of his estate, by a pretended conveyance to him of a different estate, reciting a supposed conveyance from him, and placing it of record. This would, indeed, be a most mischievous application of the rule invoked for the defendant below, and inviting to the grossest fraud.

The latter may in truth be entitled to hold the land in contest, but, if so, he has unfortunately lost an indispensable link in the chain of his title.

Judgment affirmed.