## McClellan's Estate.   Henry's Appeal.

*Life estate—Execution—Mortgage—Judgment—Conversion—Act of* 1849.

Where land is devised to life tenants with direction that after the death of the life tenants it shall be sold and the proceeds distributed among their children, a sale of the land on a fieri facias under a judgment on a bond accompanying a mortgage, executed by the life tenants and their children, will pass no title where the sale has been without notice and leave of court as required by the act of Jan. 24, 1849, P. L. 676.

In such a case the direction of the testator to sell the land and divide the proceeds worked a conversion of it from realty to personalty as to the children, and a sale of the land on a writ of fieri facias against the children did not give a title to the purchaser, for the children had no interest or estate that was subject to lien.

*Equitable assignment—Mortgage.*

In the above case the mortgage was an equitable assignment of the interest of those of the children who signed it, and when the mortgage was subsequently paid and satisfied of record, the interests became re-vested in the children.

Argued Oct. 11, 1893. Appeal, No. 161, Oct. T., 1893, by Thomas M. Henry, from decree of O. C. Beaver Co., March T., 1893, No. 6, dismissing exceptions to adjudication in estate of Wm. McClellan. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Adjudication of decedent's estate. Before WICKHAM, P. J.

The facts appear by the following opinion of the court below, dismissing exceptions to report of L. E. Grim, Esq., auditor:

" William McClellan died on the 17th day of April, 1867, having first made his last will and testament wherein he devised to Francis McClellan and his wife Jane, for their lives and the life of the survivor of them, a tract of land in Pulaski township, Beaver county. The will further provided that, at

the death of the survivor, the land should be sold and the proceeds of the sale equally divided between the children of the said Francis and Jane.

"In the month of November, 1882, Francis (or Frank) McClellan borrowed from the Beaver Valley Building and Loan Association the sum of $1,200, giving as security therefor a judgment bond, accompanied by a mortgage. The mortgage embraced a lot in the borough of New Brighton and the Pulaski township land. The bond and mortgage were signed not only by Francis McClellan, but as well by his wife Jane and seven of their nine children. Two of the signers were minors.

" Francis McClellan made default in the payment of the debt in the year 1887, the building association caused judgment to be entered on the bond, issued execution, and levied on and sold, as land, the interests of all the defendants in the Pulaski township farm. One James A. Barrett became the purchaser. The proceeds of the sale, with $18.00 paid later by the defendants, or some of them, were sufficient to pay the judgment, and it and the mortgage were, therefore, in due form marked satisfied.

" Jane McClellan died in 1890. In 1892, by agreement of all parties in interest, the devised land was sold by a trustee appointed by this court.

" In the present proceeding, for the distribution of the proceeds of the sale, Thomas M. Henry, Esq., who has succeeded to the rights of Barrett, asks that he be awarded the shares of the children of Francis and Jane McClellan, who executed the bond and mortgage.

" Barrett obtained no title whatever to the land. It had been equitably converted by the will, and had never been reconverted by the legatees. It is unnecessary to consider what would have been the result, so far as a re-conversion is concerned, if all the legatees had signed the mortgage, and all had been of full age. It is quite certain that a re-conversion could not be effected by the act or acts of any number less than the whole : Evans' Appeal, 63 Pa. 183.

"Neither was it possible for Barrett to get title to the lega cies, or any of them, through the sheriff's sale. The writ of fieri facias was not attempted to be used, nor could it be, to produce such a result.

" But the claimant contends that the mortgage amounted to an equitable assignment, to the building association, of the rights under the will, of the legatees who executed it, and that a sale on a judgment confessed on the bond was equivalent to a sale on the mortgage.  It may be conceded that the mortgage was an equitable assignment, in the nature of a pledge, of the interests of the children who signed it, and who had arrived at legal age, and had a sale been made on the mortgage, in the manner therein prescribed, the purchaser might have taken the interests of these legatees under the will, notwithstanding the fact that such interests were mere choses in action.

" Unfortunately for Barrett and his successor in title, the mortgage was not relied on,—it was, as it were, cast aside, entirely disregarded.  The creditor chose to obtain a judgment on the personal obligation of the debtors, and to sell the defendants' illusive interest in the farm.  It was advertised and sold as land and the purchaser bought it as such.  As said before, the writ on which the sale was made could not be used to effect a transfer of choses in action.  Barrett, therefore, took land or nothing.

" It is argued, in behalf of Mr. Henry's claim, that a bond and mortgage, in a case of this kind, must be regarded as one instrument.  This is going too far.  While they are in a sense, necessarily closely related, being securities for the same debt, and the payment of one satisfies the other, they are still separate instruments, differing essentially in their natures and attributes, and each is enforceable in a different way.  In the present case the bond was collected as though the mortgage was entirely foreign to it, or had no existence.  It may be assumed that the levy was made on the farm, not for the reason that the farm was included in the mortgage, but because it was believed that the defendants had an interest in it.  It was taken in execution, on a personal judgment, just as any other property, real or personal, supposed to have been owned by the defendants, or some of them, might have been taken.  The mortgage, so far as we can see, had no influence on the levy and sale.  It was no more behind the proceedings on the bond than it would have been had a horse been seized and sold instead of a farm.  Viewed with reference to these proceedings, it was a mere collateral incident.  No attempt was made to sell

the pledged choses in action at the sheriff's sale, and if there had been one, it would have been unavailing, under the circumstances. The method prescribed in the mortgage, for selling, was not followed; and the common law mode, which requires personal notice to be given the pledgor, before sale (Diller v. Brubaker, 52 Pa. 498, 18 Am. and Eng. Enc. Law, 668–672) was also disregarded.

" The assignment to Mr. Henry, by the building association, of the mortgage, long after it was paid and marked satisfied, cannot help him. Before the assignment was made, the pledge had been released. It is too late now to invoke the aid of the mortgage."

*Errors assigned* were in sustaining findings and award of auditor, quoting them in substance only.

*Harry Calhoon* and *E. N. Bigger*, *W. H. S. Thomson* with them, for appellant, cited : On the question of equitable assignment: Hay v. Mayer, 8 Watts, 203 ; Rice v. Bixler, 1 W. & S. 445 ; Horner's Ap., 56 Pa. 405 ; Costen's Ap., 13 Pa. 292 ; McGill's Ap., 61 Pa. 49 ; Bailey v. National Bank, 104 Pa. 435 ; McClure's Ap., 72 Pa. 414 ; Jones v. Caldwell, 97 Pa. 42 ; Tryon v. Munson, 77 Pa. 262 ; McLaughlin v. Ihmsen, 85 Pa. 364 ; Britton's Ap., 45 Pa. 172 ; McCall v. Lenox, 9 S. & R. 301 ; Willard v. Norris, 2 Rawle, 56 ; Pierce v. Potter, 7 Watts, 475 ; Berger v. Heister, 6 Whart. 210 ; Hartz v. Woods, 8 Pa. 471 ; Clarke v. Stanley, 10 Pa. 472 ; Bank v. Chester, 11 Pa. 282 ; Bury v. Sieber, 5 Pa. 431 ; Com. v. Wilson, 34 Pa. 63 ; DeWitt's Ap., 76 Pa. 283 ; Cable v. Nonemaker, 78 Pa. 501 ; Bismarck B. & L. Assn. v. Bolster, 92 Pa. 123 ; Boyle v. Rankin, 22 Pa. 168 ; Ladley v. Creighton, 70 Pa. 49 ; Phila. R. R. v. Woelpper, 64 Pa. 371 ; Bisph. Eq. pp. 421–2 ; Davis v. Funk, 39 Pa. 243 ; Diller v. Brubaker, 52 Pa. 502.

On the question of estoppel: Water's Ap., 35 Pa. 523 ; Bowen v. Bowen, 6 W. & S. 504 ; Crowell v. Meconkey, 5 Pa. 168 ; Mitchell v. Freedley, 10 Pa. 198 ; Ingram v. Hart, 48 Pa. 380 ; Spragg v. Shriver, 25 Pa. 282 ; Gardner v. Sisk, 54 Pa. 506 ; Hill v. Epley, 31 Pa. 334 ; Com. v. Moltz, 10 Pa. 531 ; Chapman v. Chapman, 59 Pa. 214 ; Maple v. Kussart, 53 Pa. 348 ; Fulton v. Moore, 25 Pa. 468.

On the question of subrogation : Whelen's Ap., 70 Pa. 425 ; Patterson v. Lytle, 1 Jones, 53 ; Epley v. Witherow, 7 Watts, 165 ; Carr v. Wallace, 7 Watts, 400 ; Mitchell v. Kintzer, 5 Pa. 216 ; Douglass v. Mitchell, 35 Pa. 440 ; Huntzinger v. Harper, 44 Pa. 204 ; Croyle v. Moses, 90 Pa. 250 ; Elwell v. Chamberlain, 31 N. Y. 611 ; Bowers v. Johnson, 18 Miss. 169 ; Haskit v. Elliott, 58 Ind. 493 ; Prout v. Roberts, 32 Ala. 427 ; George v. Taylor, 55 Tex. 97 : Dambman v. Schulting, 75 N. Y. 55 ; Mellish v. Motteux, Peake, 156 ; Smith v. Harrison, 26 L. J. Ch. 412 ; Solomon v. Honywood, 12 W. R. 572 ; Horner's Ap., 56 Pa. 405 ; Bailey v. National Bank, 104 Pa. 425 ; Callahan's Ap., 124 Pa. 138 ; Fleming v. Beaver, 2 Rawle, 128 ; Bailey v. Brownfield, 20 Pa. 41 ; McCormick v. Irwin, 35 Pa. 111 ; Mosier's Ap., 56 Pa. 76 ; Miller's Ap., 119 Pa. 620 ; Bender v. George, 92 Pa. 36 ; Shamburg v. Abbott, 112 Pa. 6 , Cottrel's Ap., 23 Pa. 294.

*A. P. Marshall*, for appellees, cited, on the question of conversion : Lewin on Trusts, p. 282 ; Gray v. Smith, 2 Watts, 289 ; Leiper v. Thompson, 60 Pa. 181 ; Allison v. Wilson's Ex'r, 13 S. & R. 320 ; Henderson v. Henderson, 133 Pa. 399 ; Mellon v. Reed, 123 Pa. 3 ; Baily v. National Bank, 104 Pa. 425 ; Brolasky v. Gally, 51 Pa. 509.

On question of estoppel : Henry v. McClellan, 146 Pa. 34.

OPINION BY Mr. JUSTICE WILLIAMS, Dec. 30, 1893 :

The fund in controversy was raised by a sale of land made under the direction of the orphan's court for the purpose of making distribution in obedience to the will of William McClellan, deceased.

By the terms of this will, an estate in the land was given to Francis, the son of the testator, and his wife, during their natural lives. Upon the death of both, the testator directed that the land should be sold, and the proceeds divided equally between their children. One of the tenants for life is dead. The title of the survivor is now held by one of the children entitled to distribution. In consequence of the merger thus brought about, the court directed the sale and distribution, in accordance with the terms of the will.

The appellant appeared before the auditor as a claimant, and

made a showing of the following facts in support of his claim: In 1882, Francis McClellan and his wife, the life tenants, and seven of their nine children, joined in a mortgage upon this land to the Beaver Valley Building and Loan Association for a loan of twelve hundred dollars. In 1887, in consequence of the non-payment of the installments falling due on the mortgage, the building and loan association determined to collect the debt, and caused a judgment to be entered on the bond accompanying the mortgage and a writ of fi. fa. to be issued. On this writ the land was seized and sold by the sheriff to Barrett for nearly enough to pay the debt. The balance was paid by the defendants in the judgment, and both the judgment on the bond and the mortgage were satisfied of record. Barrett's title is now held by the claimant, who also holds an assignment from the building and loan association, of the satisfied mortgage. What title to the land or its proceeds has he therefore? This is the only question presented on this record.

Under the will of William McClellan, his son, Francis, and his wife took a life estate in the land. This could be bound by judgment or mortgage and sold by the sheriff, but the mode of proceeding in such cases is regulated by the acts of October 13, 1840, and January 24, 1849. The sale made in this case was in utter disregard of these acts, and this court held, in Henry v. McClellan, 146 Pa. 34, that it did not pass the title of the life tenants. As to the children of Francis and Jane McClellan, they took no estate under the will. The direction of the testator to sell the land and divide the proceeds worked a conversion of it from realty to personalty as to them, and a sale of their land on a writ of fi. fa. against them did not give a title to the purchaser, for they had no interest or estate that was the subject of lien. The mortgage operated as an equitable assignment of the interests of those who signed it, but the mortgage has been fully paid and satisfied. The mortgagees have received every dollar of their debt and interest, and their demand is extinguished. The appellant is therefore in this position, his title derived through Barrett by the sale on the writ of fi. fa. in 1887, is not good against the life estates of Francis McClellan and his wife, because of the neglect to comply with the acts of 1840 and 1849. It is not good against the children of the life tenants, since they had no estate. Their

1893.]                    Opinion of the Court.

interests were personal and not bound by the lien of the judgment, and could not pass under a sale by the sheriff of the land: Brolasky v. Gally's Executors, 51 Pa. 509; Bailey v. The Bank, 104 Pa. 425. The mortgage, when in life, was an equitable assignment of the interests of those who executed it, but the mortgage has been paid in fact, and is satisfied on the record. We see no way to relieve against the fatal mistake made in the collection of the debt by the building and loan association. They got their money, but the purchaser at sheriff's sale, whose money paid them, got absolutely nothing in return. The rule, caveat emptor, applied to him. He bought at a venture and lost. His vendee stands on no better ground. The proceedings should have been upon the mortgage. But, upon the judgment entered upon the bond, the life estate could have been effectually sold by the sheriff, if any attention had been paid to the requirements of the law.

The distribution directed by the court below is correct, and the decree is affirmed.