## McCormick *v*. Skelly et al., Appellants.

*Decedent's estates—Sale of real estate—Execution—Failure to bring in widow and children.*

Where judgment is recovered against the administrators of a decedent, one of whom is the widow, and an execution is issued and the property sold at sheriff's sale, without the widow and children having been brought in as provided by section 34 of the Act of February 24, 1834, P. L. 73, no title passes to the purchaser at the sheriff's sale. In an action of ejectment by the purchaser at the sheriff's sale against the widow, where the record shows that letters of administration were granted on the estate of the decedent, and that he left to survive him two minor children, the plaintiff cannot claim that the widow's dower interest passed to him under the sale, since she was both widow and administrator, and had therefore her day in court. The widow had a right to set up the outstanding title of the children.

*Ejectment—Defense—Outstanding title.*

In ejectment the defendant may protect his own possession by showing an outstanding title in a third person.

*Decedent's estates—Grant of letters of administration—Presumption as to intestacy—Heirs—Execution—Failure to bring in widow and children—Ejectment.*

In an action of ejectment by a purchaser at a sheriff's sale under a judgment against administrators to recover land in the possession of the widow and children of the decedent, who had not been brought in prior to the sale, it will be presumed that the decedent died intestate, and that the children are his heirs, if the record shows the fact that he had children and that letters of administration had been granted upon his estate.

Argued Oct. 14, 1901. Appeal, No. 48, Oct. T., 1901, by defendants, from judgment of C. P. Westmoreland Co., Feb. T., 1898, No. 428, on verdict for plaintiff in case of E. B. McCormick v. Lizzie A. Skelly, formerly Lizzie A. Newmyer, William B. Skelly, her Husband, and Edward Mahoney. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Ejectment for land in the borough of Irwin. Before McConnell, J.

The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff on the point reserved.

*John B. Head,* with him *George W. Flowers* and *James S. Moorhead,* for appellants.—The widow and heirs must be brought in: Act of February 24, 1834, P. L. 73; Atherton v. Atherton, 2 Pa. 112; Warden v. Eichbaum, 14 Pa. 124; McLaughlin v. McCumber, 36 Pa. 14; Leiper v. Thomson, 60 Pa. 177; Mangan's App., 20 W. N. C. 257.

*Denna C. Ogden* and *John F. Wentling,* with them *David A. Miller* and *E. B. McCormick,* for appellee.—If the conveyances were in fraud of creditors, it is not necessary under the act of 1834 to bring in the widow and heirs in order to charge the land: Smith and Wife v. Grim and Giltner, 26 Pa. 98; Dunn v. Painter, 27 Pa 148; Grover v. Boon, 124 Pa. 399.

We contend, that the question reserved was the only question raised by the evidence and that if the court had substituted the words, "two heirs," for "two children," it would have done so without any evidence to support it.

OPINION BY MR. JUSTICE POTTER, January 6, 1902:

The real estate which is the subject of the present suit in ejectment was the property of J. L. Newmyer at the time of his death. He left a widow and two children. After his death suit was brought against his administrators, and judgment was obtained against them, and execution was duly issued under which the sheriff levied upon and sold the property to E. B. McCormick, the plaintiff. A sheriff's deed was duly executed to him therefor. The widow was not made defendant as widow, although she was defendant as one of the administrators of her husband's estate. The children were not made parties, and no notice of the proceedings was given to them. On December 18, 1897, E. B. McCormick, the purchaser at the sheriff's sale, brought this action in ejectment against Lizzie A. Skelly, formerly Lizzie A Newmyer, (the widow having remarried) and Edward Mahoney, to recover possession of the premises described in his deed from the sheriff. The defendants pleaded "not guilty." Upon the trial the plaintiff showed title in J. L. Newmyer and put in evidence the record

of the judgments and executions against the administrators of Newmyer, and the deed from the sheriff. He also showed the death of J. L. Newmyer and the possession of the defendants. It appeared from cross-examination of plaintiff's witnesses, that Newmyer left two minor children, who lived upon the premises in controversy at the time of his death, and who were living at the time of the trial of the ejectment suit.

The defendants offered no evidence and requested the court to give binding instructions in their favor. This the learned trial judge declined to do, but instructed the jury to find a verdict for the plaintiff, subject to the following question of law reserved: "It appearing that in addition to the widow of James Newmyer, who is at present defendant, that he also left surviving him two children, who were not parties to the action against the estate of James Newmyer, deceased, and who have not been served with any writ of scire facias issued from said judgment after its recovery and before the sheriff's sale at vend. ex. 100 August term, 1897. If the court be of opinion that by reason of this fact no title passed to the purchaser at such sale, then judgment for defendant non obstante veredicto is to be entered; otherwise judgment is to be entered on the verdict."

Judgment was subsequently entered in favor of the plaintiff on the question of law reserved. This action and the refusal to give binding instructions for the defendants are assigned for error. The question to be decided is whether the title to the premises, which are the subject of ejectment passed by the sheriff's sale. The determination of this question depends upon the regularity of the proceedings under which the sale took place. It is asserted by appellants that no title passed by the sale because the widow and heirs of J. L. Newmyer were not made parties to the suits in which the judgments were obtained, as is required under section 34 of the act of February 24, 1834, where it is intended to charge decedent's real estate with the payment of his debts. The act in question has been thoroughly construed, and its provisions applied many times.

In Mangan's App., 20 W. N. C. 257, this court said: "The plain words of the act of 1834 prohibit either the levy or the payment of the decedent's debt out of the real estate of the widow and heirs unless they have been brought in by proper

notice. In construing this act we held in McCracken v. Roberts, 19 Pa. 390, that a sheriff's sale of the real estate of a deceased person on a judgment obtained against the administrators of his estate to which his children were not made parties, agreeably to the provisions of the 34th section of the act of February 24, 1834, does not divest the title of the children. BLACK, C. J., said on page 395, 'It is admitted by the counsel for the plaintiff in error that the sheriff's deed to Murdoch gave him no title whatever. The want of a scire facias against the devisees was fatal. The necessity of proceedings against the widow and heirs by scire facias after judgment against the administrator was fully pointed out in the elaborate opinion of KENNEDY, J., in Murphy's App., 8 W. & S. 165, and confirmed in Atherton v. Atherton, 2 Pa. 112. In Sample v. Barr, 25 Pa. 457, we held that the 34th section of the act of 1834 is a rule of action and not of lien, that the debt must be established against the widow and heirs or devisees before it is levied on the real estate of the decedent, and that a sale without a compliance with the act in this respect will confer no title on the purchaser."

An interesting historical account of the passage of the act of 1834, and the circumstances leading to it, is found in the opinion of WOODWARD, J., in Walthaur's Heirs v. Gossar, 32 Pa. 259.

It is held in Stewart v. Montgomery, 23 Pa. 412, that where the executor is the sole devisee of the real estate, the judgment is conclusive upon the ground that the same person has not the right to be twice heard upon one issue, once in a representative capacity and a second time as devisee.

It might, therefore, be a question in this case as to whether the interest of the widow, who was one of the administrators, did not pass by the sale. It is true as contended by appellants that she had but a dower interest in the property if decedent died intestate; and that this can be taken in execution only in the manner pointed out by the acts of October 13, 1840, and January 24, 1849. See Kunselman v. Stein, 183 Pa. 1, and McClellan's Estate, 158 Pa. 639. But these acts apply only to the sale of life estates upon judgments against the life tenants; and not to sales of the entire estate upon judgments obtained for debts of the decedent; they do not, therefore, apply to the present case.

But however this may be, as to the interest of the widow, if it appears that there is an outstanding title in third parties, the plaintiff cannot recover in this suit.

"It is a general rule in ejectment that the defendant may protect his own possession, by showing an outstanding title in a third person:" Putnam v. Tyler, 117 Pa. 584.

And again in Bear Valley Coal Co. v. Dewart, 95 Pa. 72, the principle is expressed as follows : " The general rule is that the plaintiff in ejectment must recover on the strength of his own title, and when an outstanding title better than his own is shown he must fail to recover."

And in Kennedy v. Skeer, 3 Watts, 95, we find that even if the better outstanding title be shown by the evidence of the plaintiff himself, he must fail in his suit.

The doctrine of these cases makes it clear that if J. L. Newmyer left heirs or devisees the title of the plaintiff derived through the sheriff's sale upon a judgment to which they were not parties, is not good and he cannot recover in this suit. It is not a question of pleading in this case, it is a question of title ; the heirs cannot be made parties here. The question of law reserved does not of course include all of the facts of the case. Without reference to the record and the other evidence, the point does not disclose such facts as would justify a verdict and judgment for the plaintiff, even on his own theory of the case. No importance can therefore be given to the fact that the reservation refers to the children simply as such, and not as heirs. If the fact that they are heirs, appears from other evidence in the case it is sufficient. The question as to who are heirs is a question of law, and not of fact. The evidence shows and the reserved point states that Newmyer left two children, who occupied the premises in dispute, together with their mother, and that these children are still living. Were they heirs or devisees within the meaning of the act of 1834? If so the failure to give notice to them is fatal to the plaintiff's case. The court below holds that there is no evidence that Newmyer died intestate and none that the children are his heirs ; but this finding is in the face of the fact that the original judgment was obtained against the administrators of Newmyer. This record was in evidence and was an essential part of the plaintiff's proof. The finding of the fact of intestacy is neces-

sarily involved in the grant of general letters of administration. While the exact point here involved does not seem to have been decided, there are many analogous cases involving the same principle. There is a long line of cases holding that the grant of letters testamentary is prima facie evidence of the validity of the will.

In Holliday v. Ward, 19 Pa. 485, it it said in effect that the validity of a will will be presumed from the issuing of letters testamentary or perhaps from any other act of the register which he would have no legal right to do in a case where proof of the will had failed. See also Shinn v. Holmes, 25 Pa. 144, and Cochran v. Young, 104 Pa. 333.

In Cunningham v. Smith, 70 Pa. 450, Justice SHARSWOOD says (p. 458): "The action was by the plaintiff as the administratrix of Jerome Smith. There was no plea in abatement denying the death of Jerome Smith and setting up the consequent invalidity of the letters of administration. The letters are not only in all cases prima facie evidence of the death of the person on whose estate they are granted, but when there is no plea to them, and consequently no issue made upon the grant, they are conclusive evidence of the fact of death: 1 Greenleaf on Evidence, sec. 550 ; Newman v. Jenkins, 10 Pick. 515; McKimm v. Riddle, 2 Dall. 100 ; Axers v. Musselman, 2 Browne, 115."

In an action of debt or on the case, against executors for a debt due from the testator the plea of non est factum or non assumpsit is an admission of a will, of which the defendant is executor: Hantz v. Sealy, 6 Binney, 405.

Reasoning from these authorities and by analogy, we think it may well be held that the prima facie evidence in this case showed that the decedent died intestate, leaving to survive him two children who were his heirs. And as they were not served in the process by which the land was sold, their title was not divested, but remained outstanding.

The case of Leiper v. Thomson, 60 Pa. 177, was cited to sustain the contention of the plaintiff, but it was there held that a good title vested in the purchaser at sheriff's sale because under the will of decedent there was a conversion of the real estate and it passed to the widow and devisees as personalty.

They had therefore no interest in it as real estate, and notice to the executors was sufficient.

Reference was also made to Smith v. Grim, 26 Pa. 95, as authority for the proposition that where a person conveys land in fraud of his creditors and dies, it is not necessary that his heirs should be made parties to a judgment against his personal representatives, in order to charge the land. In the present case there was no evidence that the defendant, Newmyer, had conveyed his land in fraud of his creditors. Something of the kind was intimated in the argument, but no evidence appears to support it. We can see no good reason in this case for refusing to apply the provisions of the act of 1834.

The judgment is therefore reversed, and the record is remitted to the court below, in order that judgment may be entered for the defendant.