Statement of Facts.


T. M. HENRY v. F. McCLELLAN ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF BEAVER COUNTY.

Argued October 9, 1891—Decided January 4, 1892.

1. The sale of land wherein the defendant has only a life-estate, on a fieri facias from a judgment confessed on a bond waiving inquisition accompanying a mortgage for the same debt, without the notice and leave of court required by § 4, act of January 24, 1849, P. L. 676, will convey no title: Datesman's App., 127 Pa. 348, distinguished.

2. The proceedings for such sale being adverse to the life-tenant throughout, the latter, defending in ejectment against one holding under the sheriff's vendee, is not estopped from alleging the invalidity of the sale, by the fact that the proceeds were applied in discharge of the judgment: Gardner v. Sisk, 54 Pa. 508, followed.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 139 October Term 1891, Sup Ct.; court below, No. 49 March Term 1889, C. P.

On December 29, 1888, a summons in ejectment was served at the suit of Thomas M. Henry against Frank McClellan and Jane McClellan, to recover a tract of seventy-two acres in Pulaski township. Issue.

At the trial, on January 14, 1890, the plaintiff gave in evidence the will of William McClellan, deceased, dated September 28, 1866, devising the land in dispute to defendant Frank McClellan " to have and to hold the said piece of land, so situated and described, during the lifetime of my son Francis and the lifetime of his wife Jane," and at the death of said Francis and his wife Jane, the land to be sold and the proceeds divided amongst all their children.

The plaintiff then offered in evidence a bond and mortgage from " Frank McClellan and wife and others* to the Beaver Valley Building and Loan Association, dated November —, 1882; said mortgage recorded February 10, 1883, in . . . . , and the bond filed in the Common Pleas of said county at No. 278 June

---

* Among these " others " were six of the remaindermen.

Term 1887 ; said bond and mortgage being together to secure a real debt of $1,200 ; " to be followed by proof that the land described in said mortgage, being the land in controversy, " was sold by execution issued on the judgment obtained by filing the bond ; that the money received by the sale was applied on the debt secured by said bond and mortgage ; that said sale and the acknowledgment of the sheriff's deed thereunder, and the application of the proceeds of sale, were all without objection by the defendants ; moreover, that said sale, acknowledgment of deed, and the application of the proceeds, were acquiesced in by the defendants, by their applying to the mortgagee to have the bond and mortgage satisfied of record, on the ground that they were legally paid by said sale, which satisfactions were accordingly entered ; this for the purpose of showing that defendants are estopped from denying the validity of said sale." Objected to.

By the court: The bond and all proceedings thereon admitted ; mortgage excluded ; exception.

It was then shown that on May 16, 1887, by virtue of a warrant of attorney contained in the bond, judgment had been entered thereon for $1,200 " waiving inquisition, and agreeing to condemnation of sale of any and all property which may be levied upon by virtue of any execution hereon," etc. ; that, on June 4, 1887, upon a fieri facias issued upon said judgment, all the interest of the defendants had been sold at sheriff's sale to J. A. Barrett, for $1,230, the deed therefor being duly acknowledged on June 8, 1887 ; that the proceeds of the sale were insufficient by about eighteen dollars to satisfy the judgment, debt, interest and costs, and subsequently, on application of the defendants, the attorney of record, under authority duly given, entered satisfaction on both judgment and mortgage ; and that the title of J. A. Barrett was subsequently vested in the plaintiff. The plaintiff having rested, the defendants filed a motion for a nonsuit ; motion granted, with leave, etc. ‾

A rule to show cause why the order entering the judgment of nonsuit should not be vacated having been argued, the court, WICKHAM, P. J., on February 10, 1890, filed the following opinion :

The plaintiff in this case seeks to recover possession of a

tract of land in which the defendant claims a life-estate under and by virtue of the last will and testament of his father, William McClellan, deceased. The plaintiff claims title to this life-estate through a sheriff's sale thereof made to James A. Barrett in 1887. The sale mentioned was made on a writ of fieri facias issued on a judgment confessed on a bond accompanying a mortgage, the land sold being the mortgaged premises. The defendant contends that this sale was absolutely void; and unless it be possible to bring the case under some exception to the general rule (if any exception there is), his position is irrefragable: Commonwealth v. Allen, 30 Pa. 49; Kintz v. Long, 30 Pa. 501; Snyder v. Christ, 39 Pa. 499.

The plaintiff, while admitting the general rule just referred to, urges that it does not govern the present case, for the reason that a bond and mortgage given to secure the same debt constitute, in a sense, but one instrument; that a sale on either satisfies both, and that a life-estate can be sold on a levari facias issued, without special leave of court, on a judgment obtained upon the mortgage. This reasoning and the decisions cited in its support do not sustain the plaintiff's position. A sale resulting from proceedings on either instrument, although void and carrying no title to the purchaser, would certainly discharge the debt, if enough money were realized. But, to give the buyer a good title, the law of the remedy must be substantially observed. It will hardly be argued that, because the bond and mortgage are, for certain purposes, regarded as one instrument, a sale on a levari facias issued on a judgment entered on the former, or conversely, a sale on a fieri facias used to enforce a judgment on a mortgage, would confer any title whatever.

The recent case of Datesman's App., 127 Pa. 348, cited in behalf of the plaintiff, has no application. In that case, a sale of a life-estate made on a levari facias was held legal, because the act of January 24, 1849, P. L. 676, prescribing the manner of selling life-estates, was not intended to apply to sales on mortgages. There would be a parallelism between that case and this, if an act of assembly had provided that no life-estate could be sold on a judgment obtained through proceedings on a mortgage, save on an alias levari facias issued by special leave of the court and after ten days' notice to the defendant. Were there such a statutory requirement, a sale made in vio-

lation thereof would be utterly void.    The sale in Datesman's
Appeal was made by virtue of the only writ authorized by law
in such a case.    In the case in hand, the sale was made on a
writ which an act of assembly says, in substance, cannot be
employed for that purpose.

The holder of a bond and mortgage, securing the same debt,
has his choice between three remedies ; namely, ejectment, scire
facias on the mortgage, or action on the bond.    Each remedy
has its own peculiar incidents and mode of procedure.    In
the present case, the creditor, electing to proceed on the bond,
caused judgment to be entered thereon, and then, in utter dis-
regard of the act of 1849, which, in such a case, permits a sale
to be made only on a venditioni exponas issued after due notice
and by leave of the court, attempted to sell the defendant's
life-estate by virtue of a writ of fieri facias.    The purchaser
was bound to know the law : Simons v. Kern, 92 Pa. 455.    He
took no title ; and the plaintiff, who claims under him, has none,
unless he can avail himself of the alleged estoppel, to be con-
sidered presently.

It is claimed by the plaintiff that, even if the sale by the
sheriff were void, yet the defendant is estopped from now set-
ting up this defence, because the purchase money was distrib-
uted to his lien creditors, and he thus got the benefit thereof.
Of the cases cited in support of this view, I believe that Spragg
v. Shriver, 25 Pa. 282, is the latest and the strongest.    The
reasoning of Justice Lewis, in that case, seems intended to
establish the doctrine which had been at least indicated in
previous decisions of our Supreme Court, that a defendant who
permits his real estate to be sold on void judicial process, a
deed to be acknowledged and the purchase money applied to
the payment of his lien indebtedness, all without objection, is
afterwards estopped from denying the validity of the sale.

Unfortunately for the plaintiff, this view of the law is dis-
tinctly repudiated in later cases.    In Gardner v. Sisk, 54 Pa.
506, it is held that where a sale is entirely void, it is not con-
firmed by the fact that the proceeds thereof are distributed
among the defendant's creditors.    "This," say the court, "fur-
nishes no basis for an estoppel against him.    It was not in his
power to prevent such a distribution, and he cannot therefore
be prejudiced by it.    Notwithstanding some obiter dicta in

Mitchell v. Freedley, 10 Barr 198, and Crowell v. Meconkey, 5 Barr 168, it is not the law that a void sale is confirmed by a distribution of its proceeds among the judgment creditors of the debtor whose land has been sold, and neither those cases nor Spragg v. Shriver, decide any such thing." To the same effect are St. Bartholomew's Church v. Wood, 61 Pa. 96, and Zuver v. Clark, 104 Pa. 222.

In the present case, it did not appear that the defendant in any way encouraged the sale; that he was present thereat, or that he even knew what had been done with the proceeds thereof until months after they were fully paid out to the judgment creditors on whose writ the sale was made. The purchaser, therefore, cannot say that he was led either into buying or paying for the land by any act or word of the defendant. Nor can it be said that the defendant is estopped by any election made by him in the premises. He had no opportunity to make an election. No portion of the proceeds of the sale came into his hands, and he had no voice in the distribution. If, as was alleged by the plaintiff's counsel, at the argument of this motion, the defendant, long after the distribution was made, requested that a formal entry of satisfaction be made on the record of the judgment and mortgage, on the payment of the balance due, some eighteen dollars, and caused this to be done, I still fail to see how such an act would create an estoppel. He was merely recognizing and accepting results forced upon him by the law. In point of fact, the record already showed that the debt, save the trifle mentioned, was paid and satisfied. To the extent that it was so paid, entering formal satisfaction was no advantage to the defendant. As to the balance due, it might have been collected by another execution issued on the judgment. It would not do to hold that because he chose to anticipate an execution and pay all that his creditor then claimed or could claim, he thereby ratified the void sale of his real estate. He was bound, by the law, to pay this balance, and whether he paid it on a second execution, or directly on the judgment, cannot affect the controversy between himself and the purchaser of the land.

I would gladly put the breath of life into the plaintiff's title, but know of no magic in the law whereby it can be done.

The question whether the defendant's wife took a joint life-

estate with her husband, under his father's will, was not raised or discussed at the argument. The views above announced make it unnecessary to consider or decide this matter.

And now, to wit, February 10, 1890, the motion to set aside the judgment of nonsuit is overruled.

—Thereupon, the plaintiff took this appeal, assigning the orders entering the nonsuit and refusing to vacate the same, for error.

*Mr. W. H. S. Thompson* (with him *Mr. Ellis N. Bigger*), for the appellant.

As to the validity of the sale, counsel cited: Datesman's App., 127 Pa. 348; McCall v. Lenox, 9 S. & R. 302; Bury v. Sieber, 5 Pa. 432; Commonwealth v. Wilson, 34 Pa. 63; Shnyder v. Noble, 94 Pa. 286; De Witt's App., 76 Pa. 283; Horner's App., 56 Pa. 405. As to estoppel: Duff v. Wynkoop, 74 Pa. 306; Maple v. Kussart, 53 Pa. 352; Smith v. Warden, 19 Pa. 424; Crowell v. Meconkey, 5 Pa. 168; Furness v. Ewing, 2 Pa. 479; Wilson v. Bigger, 7 W. & S. 111; Adlum v. Yard, 1 R. 162; Share v. Anderson, 7 S. & R. 42; Martin v. Ives, 17 S. & R. 365; Stroble v. Smith, 8 W. 280; Ingram v. Hartz, 48 Pa. 380; Bowen v. Bowen; 6 W. & S. 504; Dean v. Connelly, 6 Pa. 239; Mitchell v. Freedley, 10 Pa. 198; Spragg v. Shriver, 25 Pa. 282.

*Mr. John D. Shaffer*, for the appellees.

Counsel cited: Gardner v. Sisk, 54 Pa. 508; St. Bartholomew's Church v. Wood, 61 Pa. 99; Zuver v. Clark, 104 Pa. 227; Menges v. Oyster, 4 W. & S. 20.

OPINION, MR. JUSTICE STERRETT:

In refusing to set aside the judgment of nonsuit, the court below held that the sale on the fieri facias was illegal and void as to the defendants, and that neither of them had done or omitted to do anything that would estop them from interposing the invalidity of the sale as a defence to this action of ejectment. For reasons which appear in his opinion, the learned judge was clearly right in thus disposing of the controlling questions in the case.

As the basis of his title, the plaintiff gave in evidence the

Opinion of the Court.

will of William McClellan, through whom both parties claim; by which it appears that the land in dispute was devised to his son, Frank McClellan, one of the defendants, for life, and then to Frank's wife for life, with the further provision that, upon the decease of said life-tenants, the land should be sold, and the proceeds divided equally among their children. In November, 1882, Frank McClellan, together with his wife and some of their children, executed a mortgage of the land to the Beaver Valley Building & Loan Association, to secure a debt evidenced by the judgment bond therein recited. Default having been made in payment of said debt, judgment was confessed against the obligors in said bond by virtue of the warrant therein contained; and, a fieri facias having been issued thereon, the mortgaged premises were sold and conveyed by the sheriff to James A. Barrett. By sundry mesne conveyances, the title of the sheriff's vendee, whatever it was, became vested in the present plaintiff. The net proceeds of sale were applied to the execution, leaving a small balance which was subsequently paid in full. Afterwards, upon request of defendants, the mortgage and judgment were both satisfied on the record. The defendants have been in possession since the mortgage was given, and, having refused to surrender to the plaintiff, this action of ejectment was brought. On presentation of plaintiff's evidence, the judgment of nonsuit was entered.

The plaintiff must recover, if at all, on the strength of his own title. It cannot be doubted that under his father's will Frank McClellan had merely a life-estate in the land, and unless that was divested by the sheriff's sale or otherwise, he is rightly in possession of the land. That sale was illegal and void, because it was contrary to the spirit as well as the letter of the act, which specifically prescribes the manner in which life-estates shall be disposed of by adverse proceedings for the benefit of the life-tenant's creditors. The law of the remedy must be pursued, otherwise no title passes. If a scire facias had been issued on the mortgage and prosecuted to judgment, and the land had been sold on a levari facias, a very different question would have been presented. Then the principle of Datesman's App., 127 Pa. 348, would be applicable. In that case, attention was called to the difference between the sale of a life-estate under proceedings on a mortgage thereof, and an

Opinion of the Court.

attempted sale on an ordinary fieri facias. It was there held that the act of 1849 does not apply to the former, and hence such a sale passes the entire interest of the life-tenant ; but, as to the latter, the act is specifically applicable, and a sale of a life-estate on a fieri facias, contrary to its provisions, is simply void, and passes no title.

The defendants were not actors, either in the sale of the property or in the application of the proceeds. It does not even appear that they had notice of the former, or in any manner interfered with the latter. The proceedings were adverse, and were conducted by the plaintiff alone. The application of the proceeds was the act of the law, and nothing that the defendants could have done would have prevented it. The principle which appears to be recognized in some of the cases cited by appellant, that the receipt of the proceeds of a sale is an implied admission of its validity, etc., is inapplicable to the facts of this case. In Gardner v. Sisk, 54 Pa. 508, Mr. Justice STRONG said : " Notwithstanding some obiter dicta in Mitchell v. Freedley, 10 Barr 198, and Crowell v. Meconkey, 5 Barr 168, it is not the law that a void sale is confirmed by a distribution of its proceeds among the judgment creditors of the debtor whose land has been thus sold, and neither those cases, nor Spragg v. Shriver [25 Pa. 284], decide any such thing." The law having rightly. applied the proceeds to the mortgage, the debt secured thereby was to that extent discharged ; and, the defendants having paid the residue, the mortgagor was legally bound to satisfy the mortgage and judgment in full. We find nothing in the record that can possibly operate as an estoppel.

Judgment affirmed.

Mr. Justice MITCHELL noted his dissent.