BUTLER, District Judge.
The parties having dispensed with a jury, the court found the following facts:
“(1) William McClellan, the common source of title, was seised in fee of the land in question at the time of his death, and by .his will, which was duly probated, devised the land in question as follows:
“ T give and bequeath unto my son Francis McClellan a lot or piece of land situated on the west of my farm and bounded by a partition fence between the farm that I now live upon, on the east, and by lands of Wm. Kennedy and Jas. A. Barrett, be the same more or less, being the same piece of land occupied by him, and upon which he had made improvements upon buildings, etc., to have and to hold the said piece or tract of land so situated and described during the life of my son Francis and the lifetime of his wife, Jane, to have and to hold the same and enjoy all the benefits or profits in any wise accruing from said land during their natural lives, and at the death of my son Francis and his wife, Jane, the said piece or parcel of said land is to be sold, and the amount it is to be sold for, be the same more or less, to be equally divided amongst all the children of my son Francis and his wife, Jane, share and share alike.’
“(2) In November, 1882, the said Francis McClellan and Jane, his wife, with seven of their nine children, joined in a bond and mortgage upon said premises to the Beaver Valley Building & Loan Association for fl,200. Two of the children executing said instruments were minors. Default having been made on May 16, 1887, judgment was entered on said bond by virtue of a warrant of attorney, a writ of fieri facias issued thereon, the property levied upon and on June 4, 1887, sold to J. A. Barrett for SI,230, and a sheriff’s deed thereafter was duly acknowledged and delivered to him, and the purchase money paid.
“(3) That subsequently thereto, T. M. Henry, the vendor of the present plain *486 tiff, and the vendee of said Barrett, brought an action of ejectment in the court of common pleas of Beaver county against Frank McClellan and Jane McClellan his wife, to recover possession of said premises. That said case resulted in a compulsory nonsuit being entered against said T. M. Henry, which non-suit the court refused to take off, and upon appeal by the said Henry to the supreme court of Pennsylvania, the judgment of the lower court was affirmed. That in said case the question raised was the same as in the present case, viz., the effect of the sheriff’s sale to divest the Ufe estate, and was passed upon.
“(4) That subsequently thereto the holder of the life estate and those in remainder uniting in praying a sale, the land in question was sold by a trustee acting under the order of the orphans’ court of Beaver county. The said T. M. Henry appeared in said court as claimant for part of the proceeds of the sale of said lands by virtue of his ownership of the title or right alleged to have passed by said sheriff’s sale. That the orphans’ court decided against the validity of said sheriff’s sale and against the alleged right of Mr. Henry to participate in the proceeds of the orphans’ court sale, and upon appeal by him to the supreme court of Pennsylvania, the decree of the orphans’ court was affirmed.
“(5) That subsequently thereto the rights of J. A. Barrett and T. M. Henry under the said sheriff’s deed passed by assignment to Francis Henry, a citizen of Minnesota, who brought the present suit.”
On this finding of facts, the court entered judgment for the defendant; whereupon the plaintiff brought the case here, and filed the following assignment of errors:
“First. The court erred in opinion in this case in finding for the defendants and in ordering judgment to be entered in their favor.
“Second. The court erred in not finding for the plaintiff and giving judgment in his favor.
“Third. The court erred in finding that in the ejectment in the court of common pleas of Beaver county, brought by T. M. Henry against Francis McClellan and Wife, the question raised was the same as in the present case, viz.: the effect of the sheriff’s sale to divest the life estate, and was passed upon. In that action it was assumed for the purpose of getting possession of the land, that the title of the defendants was a life estate, the question of the nature of the defendants’ title was not raised and was not a question at issue; all of which appears by the plaintiff’s paper book on appeal to the supreme court of Pennsylvania, in that case, which is in evidence by agreement in the present case; the question here raised is the nature of Francis McClellan’s title, whether by gift, parol, contract, or devise, which if a fee simple, has passed to the present plaintiff, and also the question of the validity of the plaintiff’s tax title derived from H. S. MeConnel.
“Fourth. The court erred in finding that the orphans’ court of Beaver county, in distributing the proceeds of the trustee’s sale among the supposed remainder-men under Wm. McClellan’s will, or their assigns, decided against the validity of the sheriff’s sale. The question of the nature of T. M. Henry’p title was not at issue in that distribution proceeding, nor on appeal thereof, where it was assumed, for the purpose of attempting that method of relief, that the land was converted under the will, and that the remainder interests were personalty; as appeared by appellant’s paper book in that ease now in evidence by agreement. The scope of the orphans’ court decision, and that of the supreme court affirming, was merely as to the invalidity of the sheriff’s sale to pass the supposed equitable interests in remainder, and was not an adjudication of the matters now in question, and the court erred in not so finding.
“Fifth. The court erred in finding that the question Involved in this case has already been passed upon by the supreme court of Pennsylvania.
“Sixth. The court erred in not finding that the statement of the supreme court of Pennsylvania', that the will created a life estate is not decisive of that fact or of this case as the construction of the will was not distinctly before the said court, and as there was no evidence of a parol, gift, or contract, or of a title by tax sale as there is in the present case.
“Seventh. The court erred in not finding that the plaintiff in this action is not *487 bound by tbe judgment in the ejectment in Beaver county, as he is entitled to two such possessory actions and to a rehearing of both fact and law bearing on his right.
“Eighth. The court erred in not finding that the plaintiff is not bound by the judgment of ejectment in Beaver county for the reason that the parties to this action are different.
“Ninth. The court erred in not finding that the plaintiff is not bound by the judgment of ejectment in Beaver county for the reason that the plaintiff in that case had no tax title such as the present plaintiff has, as hereafter set forth.
“Tenth. The court erred in not finding that the plaintiff was entitled to a verdict and judgment by reason of his tax title as set forth in the following statement of the evidence, admitted by agreement at the trial. (See the stenographic report of the evidence among the papers on file, also exhibits, etc., and deposition of Frank McClellan.)” '
It is unnecessary to consider these assignments separately. They raise the following questions: First, what estate did Francis McClellan take under his father’s will? Second, what was the effect of the sheriff’s sale of Francis’ estate? Third, what was the effect of the understanding between Francis and his father, under which he entered upon and improved the land? Fourth, has the plaintiff title under the tax sale?
As respects the first, we think it quite clear that Francis took a life estate, only. The language of the devise aptly describes such an estate, and cannot fairly be construed to describe any other. The small charge on Francis in favor of his mother, is unimportant. Such charges may be entitled to weight in the construction of devises where the terms are uncertain, but not otherwise. This question was before the supreme court of Pennsylvania in Henry v. McClellan, 146 Pa. St. 34 [23 Atl. 385], and the devise was there held to convey a life estate. While the decision is not binding on us, under the circumstances, it is entitled to great weight, and would probably control our minds if they were in doubt. The question, however, does not seem to admit of doubt.
As respects the second question, the answer to which turns on the effect of the act of January 24, 1849, our judgment is against the plaintiff. The construction of this act, and its effect on sheriff’s sales of land, were also before the supreme court of Pennsylvania in Henry v. McClellan, and the conclusion there announced is binding on us. In the absence of this decision however, we would hold that the sheriff’s sale of Francis’ life estate, in disregard of the statute, passed no title.
The third question above stated, alone, was seriously pressed on the argument. The only evidence on which it rests is found in the deposition of Francis McClellan, and is as follows:
“I first moved on tbe land in dispute in the year 1862. I made some, but not many, improvements that year. I went into the army that year. X after-wards cleared part of the land, built this log house or cabin, planted an orchard, built fences, but no other building. Father told me to go on the land and build a house, and the land would be mine some day. Acting on this promise, I made these improvements. I was married, and had a family at this time. The cabin was built before I went into the army, in 1862. My father’s promise was never reduced to writing. John Glass, a justice of the peace, wrote my father’s will.”
Be-direet: “I never claimed the land in dispute except as tenant for life under my father’s will.”
*488 This evidence is insufficient to establish a contract. While the law requires contracts for the sale of land to be reduced to writing, a parol contract, clear and distinct in all its essential terms, and in pursuance of which possession has been taken and held, and the consideration paid, will be enforced. McGibbeny v. Bur-master, 53 Pa. St. 332; Edwards v. Morgan, 100 Pa, St. 336. Here, however, the alleged contract is indefinite and uncertain as respects one, at least, of the essential terms. Francis is to have the land “sometime”; not when he enters upon it, or at any definite period thereafter.' When would his title vest? Then again it is entirely clear that Francis did not enter and hold as owner, under this alleged contract. As his deposition declares, he “never claimed the land except as tenant for life under the will.” The mortgage executed by him contains the same declaration; and the subsequent proceeding in the orphans’ court, in which the land was sold on his petition under the will, was a very emphatic declaration to the same effect. It seems quite plain that neither he nor his father attributed to the understanding referred to, the consequences of a contract of sale. They contemplated that he should occupy and improve the property, applying its proceeds to the support of his family, and that the father would further provide for him respecting'it by will. The fact that his father did so provide, and that he accepted the provision, never asserting or suggesting any other title, is, we think, conclusive evidence of this.
As respects the fourth question, also, our judgment is against the plaintiff. If the land had not been actually redeemed, as the evidence, in our judgment, shows it was, Francis’ offer to redeem, which is clearly proved, would defeat the tax title set up.
The judgment is therefore affirmed.